## Case No. 8,816.

### McGUNNIGLE v. BLAKE.

[3 Cranch. C. C. 64.] [1]

Circuit Court, District of Columbia. Dec. Term, 1826.

LANDLORD AND TENANT—RENT—PARTIAL EVICTION.

In an action for mere use and occupation, not founded on an express contract for an entire rent, eviction of part is not a bar to the whole action.

This was an action of assumpsit [by Ann McGunnigle against Betty H. Blake] for use and occupation. Plea, eviction of part, in bar of the whole action.

Mr. Wallach, for plaintiff, contended that if Mrs. Blake resumed the occupation, it was a waiver of the eviction, and restored the plaintiff to her right of action. 1 Esp. N. P. pp. 2, 72; 4 Starkie, Ev. 1520, 1521; Smith v. Raleigh, 3 Camp. 513; Stokes v. Cooper, Id. 514; Fitchburg C. M. Co. v. Melvin, 15 Mass. 270.

Mr. Morfit, for defendant.

THE COURT said that in an action for mere use and occupation, not founded on an express contract for an entire rent, eviction of part is not a bar to the whole action; because the plaintiff is entitled to recover damages for the actual use and occupation; and if the defendant was deprived of the use for a certain part of the time, and afterwards resumed the occupation and use of the premises, the jury will consider that circumstance in estimating the damages.

[1] [Reported by Hon. William Cranch, Chief Judge.]